IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>      Respondent/Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DORIS JANE ROBERTSON,  )<br>  )<br>      Petitioner/Defendant.  ) | Case No. CIV-12-388-RAW<br>(CR-10-49-RAW) |

## ORDER

Before the court is the motion of the petitioner pursuant to 28 U.S.C. §2255. Defendant was charged by indictment on June 15, 2010. Count 1 (to which she pled guilty) charged her with conspiracy. The object of the conspiracy was to knowingly and intentionally possess with intent to distribute 5 grams or more of cocaine base. At the time of the indictment, this was the threshold amount for the 5 year mandatory minimum under 21 U.S.C. §841(b)(1)(B)(iii).

On August 3, 2010, the Fair Sentencing Act ("the FSA") took effect. Among other things, the FSA raised the pertinent threshold amount to 28 grams or more. Defendant pled guilty on November 17, 2010, after the Act's effective date. Defendant was sentenced to the 5 year mandatory minimum on August 16, 2011, and the Judgment was entered on August 18, 2011. No direct appeal was taken.

On June 21, 2012, the Supreme Court issued its ruling in *Dorsey v. United States,* 132 S.Ct. 2321 (2012), ruling that the FSA applied to defendants (such as the present defendant)

who were charged before the law changed, but who were sentenced after the FSA's effective date.

On February 23, 2012, defendant filed a motion for retroactive application of the Sentencing Guidelines, pursuant to 18 U.S.C. §3582(c). The court denied the motion by order entered April 25, 2012. No appeal was taken from that decision either. The court notes that the reason for denial was that, effectively, such a motion was the wrong procedural vehicle, because defendant was challenging a sentence based upon a statutory mandatory minimum rather than a calculated sentencing range.

Defendant filed the present motion on September 17, 2012. The government argues that the motion is untimely, coming as it does more than one year beyond the date defendant's criminal conviction became final.[*] *See* 28 U.S.C. §2255(f)(1). The government also contends the motion is barred by the post-conviction waiver contained in defendant's plea agreement. Finally, the government argues that the motion would fail on the merits, because defendant stipulated to possessing a sufficient amount of crack cocaine to subject her to the five-year mandatory minimum sentence even under the new threshold quantity.

The court is not fully persuaded as to the government's position on the merits. The

---

[*]"If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows,* 448 F.3d 1223, 1227-28 (10th Cir.2006). The government's calculation is as follows: "Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Defendant had fourteen days, or until September 1, 2011, to file her appeal. Accordingly, Defendant had until September 1, 2012 to timely file a §2255 motion to vacate. Defendant did not file her motion until September 17, 2012 and did not submit her motion for filing until September 14, 2012." (Government Response at 4).

2

defendant might well be entitled to reconsider her stipulation, which appeared at the time to be collateral to the plea itself. Nevertheless, the court agrees with the government's procedural objections. To demonstrate equitable tolling of the one-year limitation, the litigant generally bears the burden of establishing two elements: (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstances stood in her way preventing timely filing. *United States v. Zaler,* 537 Fed. Appx. 808 (10th Cir.2013). A colorable argument might be made that the first element is satisfied in the case at bar, but not the second.[**]

In any event, the plea agreement (#80 in CR-10-049-RAW) does reflect that defendant waived her right to file a §2255 motion, save as to the issue of ineffective assistance of counsel challenging the validity of the guilty plea or the waiver itself. Defendant has not challenged the validity of her waiver.

It is the order of the court that the petition pursuant to 28 U.S.C. §2255 is hereby DENIED.

**ORDERED THIS 20th DAY OF MAY, 2014.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[**]It has been held that a §2255 motion such as the one before the court may be timely under §2255(f)(3) if filed within one year of the date of the *Dorsey* decision. *See United States v. Little,* 2013 WL 5819629, *4 (E.D.Mich.2013). This court need not address this issue because of its ruling on the waiver issue.